IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

MICHAEL A. DEMUTH,

                Plaintiff,                Civil Action No.
                                          3:18-CV-0767 (LEK/DEP)

    v.

CHENANGO COUNTY DEPT OF
SOCIAL SERVICES, *et al.*,

                Defendants.

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

MICHAEL A. DEMUTH, *Pro se*
Chenango County Jail
279 County Road 46
Norwich, NY 13815

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

Plaintiff Michael A. Demuth, a prisoner in the custody of the

Chenango County Sheriff, has filed this civil rights action against the

Chenango County Department of Social Services, the City of Norwich, and

individuals employed by Chenango County. Currently before the court is plaintiff's renewed application to proceed in the action without prepayment of the required filing fee and his motion for the appointment of *pro bono* counsel. For the reasons set forth below, both requests are denied.

I.     BACKGROUND

Accompanying plaintiff's complaint, which was filed on or about June 28, 2018, was a request to proceed in the action *in forma pauperis* ("IFP") and a motion for the appointment of *pro bono* counsel. Dkt. Nos. 2, 3. Because the court determined plaintiff's IFP application to be incomplete, the action was administratively closed on July 2, 2018. Dkt. No. 5. Plaintiff was notified that, in order for the action to proceed, he must either pay the full filing fee or submit a completed IFP application that has been certified by an appropriate official at the prison facility in which he is currently housed. *Id.* Plaintiff thereafter filed a renewed motion for leave to proceed IFP on or about July 18, 2018. Dkt. No. 6. The clerk has forwarded that application, as well as plaintiff's request for the appointment of counsel and the complaint, to me for review.

II.    DISCUSSION

   A.    Plaintiff's IFP Application

   When a civil action is commenced in federal district court, the

statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C.

§ 1914(a). A court is authorized, however, to permit a litigant to proceed

IFP if it determines that he is unable to pay the required filing fee. 28

U.S.C. § 1915(a)(1).[1] The governing federal statute provides, in pertinent

part, that an application for IFP status must be accompanied by "a certified

copy of the trust fund account statement (or institutional equivalent) for the

prisoner for the 6-month period immediately preceding the filing of the

complaint or notice of appeal, obtained from the appropriate official of

each prison at which the prisoner is confined." 28 U.S.C. § 1915(a)(2). In

accordance with the local rules of practice for this court, a prisoner

seeking IFP status in a civil action may satisfy this requirement by

submitting a completed, signed, and certified IFP application.[2] N.D.N.Y.

---

[1]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2]    A "certified" IFP application is one on which the certificate portion at the bottom of page two has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the IFP application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six

L.R. 5.4(b)(1)(A). Rule 5.4 of the local rules further provides that if the prisoner fails to fully comply with the above-described requirements after being informed by court order of what is required, "the Court shall dismiss the action."[3] N.D.N.Y. L.R. 5.4(b)(2)(A).

In this case, plaintiff's IFP application was completed and signed by plaintiff before a notary public. Dkt. No. 6. Although the certificate portion of the application has been completed by plaintiff, it has not been certified by an appropriate official at plaintiff's facility, nor have copies of plaintiff's inmate account statements been provided.[4] *Id.* As a result, plaintiff's IFP application is incomplete and must be denied. In light of plaintiff's *pro se* status and his efforts to comply with the filing fee requirements, the court will afford him another opportunity to do so. If plaintiff fails to timely comply, I will recommend to the assigned district judge that this action be dismissed without prejudice.

---

months.

[3]    Upon compliance with the filing fee requirements, the court must consider plaintiff's request to proceed IFP in light of the three "strikes" provision of 28 U.S.C. § 1915(g) and, if appropriate, review the complaint in accordance with 28 U.S.C. § 1915(e) and/or 28 U.S.C. § 1915A.

[4]    Plaintiff has filed nine civil rights actions in this district since June 2018. In *Demuth v. Chenango Cnty. Sheriff's Office*, No. 18-CV-0795 (N.D.N.Y. filed July 5, 2018, plaintiff advised that, while he is able to access his inmate account information from the a kiosk at the facility, prison officials have refused to sign the certificate portion in the absence of a "court order" directing them to do so. *Chenango Cnty. Sheriff's Office*, No. 18-CV-0795, Dkt. No. 5-1 at 1.

B.    Plaintiff's Motion for the Appointment of Counsel

Plaintiff has requested that an attorney be appointed to assist in the

prosecution of his claims against the defendants. Dkt. No. 3. District courts

are afforded broad, though not limitless, discretion in determining whether

to appoint counsel to represent indigent civil litigants. 28 U.S.C. §

1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d

Cir.1986). In *Hodge*, the Second Circuit noted that, when exercising that

discretion, the court should first determine whether the indigent's position

seems likely to be of substance. *Hodge*, 802 F.2d at 60. If this threshold

requirement is satisfied,

> the court should then consider the indigent's ability
> to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-
> examination will be the major proof presented to
> the fact finder, the indigent's ability to present the
> case, the complexity of the legal issues and any
> special reason in th[e] case why appointment of
> counsel would be more likely to lead to a just
> determination.

*Hodge*, 802 F.2d at 61-62; *see also Terminate Control Corp. v. Horowitz*,

28 F.3d 1335, 1341 (2d Cir.1994).[5]

This action was only recently commenced. As discussed above in

---

[5]    In deciding plaintiff's motion, I have taken into consideration this court's custom
and practice, which is to ordinarily assign *pro bono* counsel to represent an indigent
*pro se* litigant, upon request, at the time of trial.

part II.A. of this decision, plaintiff has not yet paid the requisite filing fee nor been granted IFP status. In addition, the defendants have not yet been served or responded to the allegations contained in plaintiff's complaint, and, accordingly, the only facts upon which this court may base its decision as to whether plaintiff's claims are likely of substance are those portions of his complaint setting forth, in brief, the facts surrounding his claims. At this early juncture, the court is unable to properly weigh the allegations in order to determine whether plaintiff's claims are potentially meritorious, warranting the appointment of counsel.

In deciding whether to appoint counsel I note that, although the constitution guarantees indigent litigants "meaningful access" to the courts, it does not assure that all parties in civil actions will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60. While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285

(2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

In light of the foregoing, plaintiff's request for appointment of *pro bono* counsel is denied, without prejudice to renewal after the defendants have appeared in the action.

## III.    SUMMARY AND ORDER

For the foregoing reasons, it is hereby

ORDERED as follows:

(1)    Plaintiff's IFP application (Dkt. No. 6) is DENIED as incomplete. Plaintiff must, within thirty days of the filing date of this decision, either pay the $400 filing fee in full or submit an IFP application that has been completed and signed by him and certified by an appropriate official at his facility. Upon plaintiff's compliance with this directive, the clerk is respectfully directed to return the matter to me for further review.

(2)    Plaintiff's request for the appointment of *pro bono* counsel (Dkt. No. 3) is DENIED without prejudice.

(3)    The clerk shall serve a copy of this decision and order on plaintiff, along with a blank IFP application and a second copy of this decision and order for his use in requesting that the certification section of his IFP application be completed, signed, and returned to him by an appropriate official at Chenango County Jail, so that he may submit it to the court.

Dated:    July 30, 2018
          Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge