IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

MICHAEL A. DEMUTH,

                    Plaintiff,               Civil Action No.
                                            3:18-CV-0767 (LEK/DEP)

     v.

CHENANGO COUNTY DEPT OF
SOCIAL SERVICES, *et al.*,

                    Defendants.

───────────────────────────────

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

MICHAEL A. DEMUTH, *Pro se*
Chenango County Jail
279 County Road 46
Norwich, NY 13815

FOR DEFENDANTS:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER, REPORT, AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Michael A.

Demuth, an inmate in a local jail facility, against the Chenango County

Department of Social Services ("DSS") and several DSS employees

pursuant to 42 U.S.C. § 1983. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been referred to me for consideration. Based upon my review of those materials, plaintiff's motion to proceed IFP is granted, but I recommend that his complaint be dismissed.

I.      BACKGROUND

Plaintiff commenced this action on June 28, 2018. Dkt. No. 1. Named as defendants in plaintiff's complaint are DSS; Sarah C. Fitzpatrick, Esq., who is identified as an attorney for the DSS; Brandi Guinn and Nicole Sheehan, Child Protective Service workers for the County of Chenango; Beth Beers and Misty Davis, who are alleged to be supervisors in the Chenango County Child Protective Service; and Teresa Foster-Jones, a Chenango County foster care worker. *Id.* at 1-2. Although this is far from clear, it appears that plaintiff's complaint centers upon the issuance of orders of protection and state court determinations concerning child custody. *Id.* Plaintiff's complaint requests declaratory and injunctive relief, including that he be granted custody of his children upon his release from the correctional facility in which he is currently incarcerated, and an award of compensatory damages in the amount of $5 million. *Id.*

Currently before the court in connection with this matter, in addition

to plaintiff's complaint, is his third and most recent motion for leave to proceed in the action IFP.[1] Dkt. No. 10. That IFP application appears to be complete and contains the required certification concerning plaintiff's prison inmate account. *Id.*

## II.    DISCUSSION

### A.    Plaintiff's IFP Application

When a civil action is commenced in federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2]  In this instance, because I conclude that plaintiff has now met the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[3]

---

[1]    Plaintiff's first two IFP applications, Dkt. Nos. 2, 6, were denied as incomplete. Dkt. Nos. 5, 9. Plaintiff has now submitted a third motion for leave to proceed without prepayment of fees. Dkt. No. 10.

[2]    The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate who is granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[3]    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B.     Sufficiency of Plaintiff's Complaint

      1.     Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. §§ 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

      In deciding whether a complaint states a colorable claim, a court

must extend a certain measure of deference in favor of *pro se* litigants,

*Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and

extreme caution should be exercised in ordering *sua sponte* dismissal of a

*pro se* complaint before the adverse party has been served and the parties

have had an opportunity to address the sufficiency of plaintiff's allegations,

*Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however,

also has an overarching obligation to determine that a claim is not legally

frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*,

*e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a

frivolous complaint, notwithstanding the fact that the plaintiff paid the

statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on

an indisputably meritless legal theory [such as] when either the claim lacks

an arguable basis in law, or a dispositive defense clearly exists on the face

of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-

0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998));

*see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is

proper only if the legal theory . . . or factual contentions lack an arguable

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that

a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e), 1915A, the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light

most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2.    Analysis

a.    Compliance with Rule 10 of the Federal Rules of Civil Procedure

As a threshold matter, I note that plaintiff's complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Those rules require, *inter alia*, that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of this rule is to facilitate a cogent framing of the issues presented and permit defendants to properly respond to the allegations of a complaint. *Laspisa v. Citifinancial Does 1 to 20*, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017) (Stewart, M.J.); *Dabney v. Sawyer*, No. 11-CV-0273, 2012 WL 3241571,

at *1 (N.D.N.Y. July 17, 2012) (Treece, M.J.). In this case, plaintiff's claims are based upon allegations set forth in a lengthy, single-spaced, run-on paragraph that extends for most of two pages of his complaint. Dkt. No. 1 at 3-4. In the event that the complaint were deemed facially meritorious, I would recommend the issuance of an order directing the plaintiff to parse out his factual allegations into numbered paragraphs, each limited to a single set of circumstances. Plaintiff's complaint, however, is deficient for substantive reasons, as discussed more completely below. Accordingly, such an order is not necessary at this time.

b.    Defendant DSS

The lead defendant named in plaintiff's complaint is DSS. Dkt. No. at 1. That entity, however, does not have a separate, legally cognizable identity, and as such is not amenable to suit. It is well-established that "[u]nder New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments like the Department of Social Services are not amenable to suit and no claims lie directly against the Department. *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted). Accordingly, I recommend that plaintiff's claims against defendant DSS be dismissed, and that the County of Chenango be

substituted in its place.

        c.      <u>Domestic Relations Exception/*Rooker-Feldman*</u>

<u>Doctrine</u>[4]

As was previously observed, plaintiff's complaint appears to challenge child custody determinations and orders of protection issued in various state courts, although it is seriously lacking in details outlining the precise proceedings that have occurred in the state courts concerning his child custody battles. Because of the nature of his claims, two distinct legal doctrines relating to this court's jurisdiction require dismissal of plaintiff's complaint – the domestic relations exception to federal court jurisdiction and the *Rooker-Feldman* doctrine. Each will be discussed more completely below.

Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d

---

[4]     *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte*." (quotation marks and alterations omitted)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### 1.    Domestic Relations Exception

Plaintiffs' federal claims in this action are brought under 42 U.S.C. § 1983, and are couched in terms of constitutional deprivations. *See generally* Dkt. No. 1. Ordinarily, the court would possess subject matter jurisdiction over such claims. 28 U.S.C. §§ 1331, 1343. There exists, however, a judicially recognized exception to federal subject matter jurisdiction in matters involving domestic relations. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"[5] *Elk*

---

[5]    "[A]lthough the domestic relations exception originated in the context of diversity cases, some courts have applied the exception in cases based upon federal question jurisdiction since the policy considerations which underlie the domestic relations

*Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting

*Ankenbrandt*, 504 U.S. at 703).

The exception recognizes that "the states have traditionally

adjudicated marital and child custody disputes and therefore have

developed competence and expertise in adjudicating such matters, which

federal courts lack." *Thomas*, 814 F. Supp. at 1146 (citing *Ankenbrandt*,

504 U.S. at 703-04). "The doctrine also rests on the idea that state courts

are peculiarly suited to enforce state regulations and domestic relations

decrees involving alimony and child custody particularly in light of the fact

that such decrees often demand substantial continuing judicial oversight."

*Id.*

While plaintiff in this case has nominally invoked his constitutional

rights and, in part, seeks monetary damages, it is clear from his complaint

that the primary thrust of his claims is aimed at regaining custody of his

children. Dkt. No. at 3-4. As the Second Circuit has noted, where tort

claims "begin and end in a domestic dispute," state courts are better suited

to adjudicate the claims. *See Schottel v. Kutyba*, No. 06-1577, 2009 WL

230106, at *1 (2d Cir. Feb. 2, 2009) (affirming, based on the domestic

---

exception may apply with equal force in cases arising under the court's federal
question jurisdiction." *Thomas*, 814 F. Supp. at 1146 (citations omitted).

relations exception, the district court's dismissal of the plaintiff's complaint

alleging, *inter alia*, that the defendants "fraudulently misrepresented to the

court the former couple's residence in order to file divorce proceedings in

New York," and, as a result, plaintiff was "deprived of custody and

visitation rights"). By requesting the court to issue an injunction

"compelling defendants to . . . give back [his] children upon [his] release

from the correctional facility," it is clear that plaintiff's claims center around

a child custody dispute litigated in state court. Dkt. No. 1 at 4. Because the

complaint concerns state law domestic relations matters, and in particular,

because plaintiff seeks the return of his children, I recommend the claims

be dismissed for lack of subject matter jurisdiction.[6] *Schottel*, 2009 WL

230106, at *1; *Chadee v. Kaufman*, No. 12-CV-3098, 2012 WL 2564408,

at *2 (E.D.N.Y. June 26, 2012) (dismissing the plaintiff's claims challenging

the order granting custody of her child to the father, notwithstanding the

fact that the plaintiff had invoked her constitutional rights); *McKnight v.

Middleton*, 699 F. Supp. 2d 507, 519-20 (E.D.N.Y. Mar. 29, 2010)

(dismissing those claims that (1) claim injury from the family court's

---

[6]     If plaintiff sought only money damages and asserted constitutional claims
associated with actions of the defendants in connection with the state court matters, a
different result may obtain, and it is doubtful that the domestic relations exception
would apply in those circumstances. *Thomas*, 814 F. Supp. at 1146-47.

custody orders, (2) allege breach of custody agreement, and (3) challenge the specific placement of a child pursuant to the family court's order).

## 2.     The *Rooker-Feldman* Doctrine

As a separate matter, the *Rooker-Feldman* doctrine recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). In the Second Circuit, there are four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state-court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *McKithen*, 491 F.3d at 97. "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" *Rabinowitz*, 329 F. Supp.2d at 376 (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *McKithen*, 481 F.3d at 97 (quoting

*Hoblock v. Albany Co. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005)).

Although this is anything but clear, it appears that plaintiff's request for custody of his children was rejected in the state courts, and that he now brings this action to complain of injuries caused by rulings against him in those courts. Dkt. No. 1 at 3-4. The *Rooker-Feldman* doctrine is therefore squarely implicated in this case and provides yet another, independent basis for dismissal or previous claims in this action.

C.   Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, I am unable to say with complete certainty that, if permitted leave to amend, plaintiff could not state a cognizable civil rights claim that would not be precluded by the domestic relations exception to jurisdictional or the *Rooker-Feldman* doctrine. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-

1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).

Therefore, in any amended complaint, plaintiff must clearly set forth the

facts that give rise to the claims, including the dates, times, and places of

the alleged underlying acts, and each individual who committed each

alleged wrongful act. In addition, the revised pleading should allege facts

demonstrating the specific involvement of any of the named defendants in

the constitutional deprivations alleged in sufficient detail to establish that

they were tangibly connected to those deprivations. *Bass v. Jackson*, 790

F.2d 260, 263 (2d Cir. 1986). Plaintiff is informed that any such amended

complaint will replace the existing complaint, and must be a wholly

integrated and complete pleading that does not rely upon or incorporate by

reference any pleading or document previously filed with the court. *See

Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is

well established that an amended complaint ordinarily supersedes the

original, and renders it of no legal effect." (quotation marks omitted)).

Finally, plaintiff is reminded that, pursuant to Rule 10 of the Federal Rules

of Civil Procedure, any amended complaints "must state its claims . . . in

numbered paragraphs, each limited as far as practicable to a single set of

circumstances." Fed. R. Civ. P. 10(b).

III.    <u>SUMMARY AND RECOMMENDATION</u>

Because plaintiff's IFP application is now complete and demonstrates his inability to pay the required filing fee for commencing this action in advance, his request for leave to proceed without prepayment of fees is granted. Turning to the merits of plaintiff's complaint, however, I conclude that his claims are precluded by the domestic relations exception to jurisdiction and the *Rooker-Feldman* doctrine. In addition, I find that his claims against defendant DSS are legally deficient because that agency is not amenable to suit, and recommend that the County of Chenango be substituted in the place of that defendant.

Based upon the foregoing, it is hereby

ORDERED that plaintiff's renewed application for leave to proceed *in forma pauperis* (Dkt. No. 10) is GRANTED; and it is further hereby respectfully

RECOMMENDED that the County of Chenango be substituted as a named defendant in this case in the place of the Chenango County Department of Social Services, and that all of plaintiff's claims in this action be DISMISSED, with leave to amend.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[7] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    August 30, 2018
          Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[7]    If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).